# Seisel & Co. v. Folmar & Sons.

### Statutory Trial of the Right of Property.

1. *Claim suit; claimant must recover on his own title.*—In a statutory trial of the right of property between the plaintiff in an attachment suit and a third person, as claimant, the claimant must recover on the strength of his own title, and not upon the weakness or want of title of the plaintiff in attachment; and he can not support his claim to defeat the levy, by showing a title paramount to that of the defendant in attachment in a third person, who was a stranger to the proceeding.

2. *Same; title must exist at commencement of suit.*—In a statutory trial of the right of property, the claimant, in order to defeat the levy of a process, must show that he acquired title to the property levied upon prior to the interposition of his claim thereto ; since a title acquired subsequent to the commencement of the suit is unavailing to support his claim.

3. *Landlord's lien for rent; superior to the lien acquired by subsequent mortgage.*—Under the statutory provisions, giving to landlords of storehouses, dwelling-houses and other buildings a lien on the goods of their tenants for rent, "superior to all other liens except those for taxes," (Code, §§ 3069-74), the lien attaches as soon as the goods are brought upon the rented premises, and is superior to the lien of a mortgage on the goods subsequently executed by the tenant.

4. *Judgment in claim suit.*—Upon the trial of the right of property, levied on by attachment, if the issue be found against the claimant, the proper judgment is that the property is subject to the levy of the attachment, and is condemned to the satisfaction of the judgment which has been, or may be obtained ; and a judgment that the claimant and his sureties in the claim bond pay the plaintiff in attachment the value of the property as assessed by the jury is erroneous.

5. *Same; when amendable on appeal.*—In a statutory trial of the right of property, levied on by attachment, a judgment that the claimant and his sureties in the claim bond pay to the plaintiff in attachment the value of the property as assessed by the jury, though erroneous, the error is a clerical misprision, which furnishes no cause for the reversal of the judgment; and the record disclosing sufficient matter to amend by, such judgment, under the provisions of the statute, (Code, § 2836), will be amended on appeal.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN R. TYSON.

On November 4, 1892, Folmar & Sons made affidavit and gave bond for the issuance of an attachment against one A. B. Burnett. The writ of attachment was regularly issued on November 14, 1892, and levied upon certain personal property, which was in the place of business occupied by said Burnett. Upon the levy of this attachment, Seisel & Co. interposed a claim to the goods so levied upon, as required by statute, and issue was made for the trial of the right to the said property. Upon the trial of this issue, the plaintiff introduced in evidence a contract of lease, in which the said Burnett leased for five years, from the plaintiffs, Folmar & Sons, the said store-house, commencing on January 1, 1891. The plaintiffs also introduced evidence tending to show that under said lease Burnett went into possession of the store on January 1, 1891, and that the attachment was issued for the purpose of collecting unpaid rent due under said lease, and that at the time of the levy of said attachment, the goods so levied upon were in the said store-house owned by said Folmar & Sons and rented to the said Burnett, as shown by the said lease.

The claimants introduced in evidence a mortgage, which was executed by said Burnett, defendant in attachment, to them on January 8, 1891, conveying to them, for the security of a debt, the same property which was levied upon. This mortgage was renewed by the execution of a subsequent mortgage on December 29, 1891, conveying the same property.

The claimants introduced as a witness the said Burnett, who testified that the bar fixtures and furniture described in the mortgage, and levied upon under the attachment, and which were claimed by the claimants in this proceeding, were bought by the witness from Rothchilds & Sons, of Philadelphia, Pa.; that the sale under which said fixtures were purchased was a conditional one, the vendors retaining title thereto until they were paid for; that witness had made all of the payments for said fixtures except the last, amounting to about $100, and that default in this payment had been made before the levy of the attachment, and that the time within which he was to pay for said fixtures had expired before said levy. The plaintiffs moved to exclude this testimony of the said Burnett, because the claimant was attempting to set up an out-standing title to the property

[Seisel & Co. v. Folmar & Sons.]

claimed in Rothchilds & Sons, without connecting himself with said title. The court sustained this motion, and the claimant excepted. The witness further testified that after he made default in said payment, and after the levy of said attachment, and the interposition of the claim by the claimant, it was agreed between him and Seisel & Co., the claimants, that if they would pay the balance due Rothchilds & Sons, they, the claimants, should have the witness's interest in the bar fixtures; and that after the claim bond was executed, he turned over to the claimants the property in question. The plaintiffs moved to exclude this testimony of the witness, Burnett, which motion the court sustained, and the claimants duly excepted.

At the request of the plaintiffs in writing, the court gave the following charge to the jury : "If the jury believe the evidence in this case, they should find for the plaintiffs, as to the furniture and bar fixtures." The jury returned a verdict for the plaintiffs, and assessed each piece of property, the value in the aggregate being $1,424.80. The judgment rendered by the court was : "That the plaintiff have and recover of the claimants, and the sureties on the claim bond, the aggregate sum of $1,424.80, for their said damages as assessed by the jury, and all the costs of this claim suit, for which let execution issue," &c.

Claimants bring this appeal, and assign as error the rulings of the court upon the evidence, the giving of the general affirmative charge for the plaintiff, and the judgment rendered.

HUBBARD, WILKERSON & HUBBARD, for appellant.—
Where property levied upon does not belong to the defendant in execution, but to a third person, a claimant, who shows that he has a just interest in the property, derived from the owner, may maintain a claim suit, although he has not a perfect title.—*McKeithen v. Pratt*, 53 Ala. 116; *Bingham v. Vandegrift*, 93 Ala. 283. The judgment rendered in this case was erroneous, which entitles the appellant to a reversal thereof.—*Langworthy v. Goodall*, 76 Ala. 325.

R. L. HARMON, *contra.*—The mortgage under which the claimant rests his claim to the property involved

in this suit was subordinate to the landlord's lien for rent.—*Abraham v. Nicrosi*, 87 Ala. 173 ; *Un. Warehouse & Elev. Co. v. McIntyre*, 84 Ala. 78. The claimant could not set up an outstanding title in a third person with which he did not connect himself.—*Jones v. Franklin*, 81 Ala. 161. The attempted sale by which the claimant acquired the property subsequent to the levy of the attachment was not sufficient to support his claim.—*Apfel v. Crane*, 83 Ala. 312; *Treadway v. Treadway*, 56 Ala. 390 ; 3 Brick. Dig., 306, § 1 *et seq.* The judgment, though erroneous, can be corrected in the appellate court.—Code of 1886, § 3659 ; *Spigener v. Farquhar*, 82 Ala. 569 ; *Mc-Caskey v. Pollock*, 82 Ala. 174 ; Code of 1886, §§ 2836, 3663; *Neff. v. Edwards*, 81 Ala. 246.

BRICKELL, C. J.—It is a controlling principle in the statutory trial of the right of property, levied upon by attachment or execution, that the claimant must recover on the strength of his own title ; not because of the weakness or want of title in the defendant in the process. Nor can he be permitted to support his claim and defeat the levy, to show a title paramount to that of the defendant in the process in a third person, a stranger to the proceeding. If the correctness of these principles need vindication, it will be found in the unanswerable reasoning in the early case of *McGrew v. Hart*, 1 Port. 175–184, and in the subsequent cases of *Dent v. Smith*, 15 Ala. 286–292, and *Foster v. Smith*, 16 Ala. 192–194. In *Dent v. Smith*, it was said by Dargan, J. : "If we were to permit a claimant to interpose the title of a third person to defeat an execution, it would be to permit one man to redress the wrongs to another, and thus to take charge of his rights, in which the claimant has no interest. If this could be done, the title of the third person would be bound by the decision, and hence the right and title of the owner in fact, would be barred by a proceeding to which he was not a party. This view fully vindicates the propriety of the decision in the case of *McGrew v. Hart*, and shows that in the trial of the right of property, the claimant must rely upon his own title, and can not be permitted to insist on the title in another, to which he is a stranger." In *Foster v. Smith*, it was said by Chilton, J. : "It is perfectly clear that if the claimant has no right to the property, the title to

which he proposes trying by interposing his claim, he can not recover because a third person, a stranger to the proceeding, may be supposed to have a title paramount to that of the defendant in execution. By the interposition of his claim, he arrests the execution of the process upon the property to which he asserts title, and virtually asserts that the sale of it for the satisfaction of the plaintiff's *fi. fa.* is inconsistent with *his* rights. If he has no such rights, it is a matter of no concern to him whether the rights of a third person, between whom and himself there is no privity, may be invaded." From these principles there has been no departure; on the contrary they have been re-affirmed whenever the question arose.—3 Brick. Dig., 776, § 5.

This reference to these well settled principles, is rendered necessary by the insistence of the counsel for the appellants, that the title to the property levied on, or a large part thereof, resided in Rothchilds & Sons, and not in the defendant in attachment, and that he had no interest therein, which was the subject of levy and sale under legal process. Whether this be true or not, is not a matter involved in this controversy. If it be true, the title of the appellants, upon the strength of which only, their claim can be supported is not aided; and unless they were privy to, or connected with the supposed paramount title, they have no right or interest in its assertion or maintenance.

It is insisted that by the arrangement between the defendant in attachment and the claimants, subsequent to the levy and the interposition of the claim, and the arrangement with Rothchilds & Sons, on the day preceding the trial in the court below, the claimants acquired the title of Rothchilds & Sons, and were entitled to assert it as paramount to the right of the appellee. A consideration of the title asserted to exist in Rothchilds & Sons, and whether it was superior or inferior to the lien of the appellee for rent, is not necessary, and would not now be profitable. Nor is it necessary to inquire what rights the appellants acquired by the arrangement with the defendant in attachment and Rothchilds & Sons. If they acquired the right now claimed, it was acquired subsequent to the commencement of the suit, and it is unavailing to support the claim they had interposed. It is merely elementary to say that a title acquired, or facts

occurring subsequent to the commencement of a suit, which are essential to a recovery, are unavailing. The claimant in a trial of the right of property, like the plaintiff in an action at law, must fail, unless the facts existed when the claim was interposed, which entitled him to interpose and maintain it.—*Donaldson v. Waters*, 30 Ala. 175.

The title of appellants, and the only title so far as shown, which existed, or with which they had any connection when the claim was interposed, was derived from the mortgage executed by the defendant in attachment, subsequent to the lease or contract of renting of the store-house. It has not been insisted, that the title of a mortgagee, is entitled to priority over the lien of the landlord, for the rent of a store-house or other building. The statute declares the lien is "superior to all other liens, except those for taxes."—Code, § 3169. The lien attaches as soon as the goods or chattels are brought upon the rented premises, and can not be defeated by any disposition of them, by the tenant, not in the usual course of the particular business, in which he is engaged in and upon the premises.—*Abraham v. Nicrosi*, 87 Ala. 173; *Weil v. McWhorter*, 94 Ala. 540. The result is, we find no error in the rulings of the court, to which exceptions were reserved.

Upon the trial of the right of property levied on by attachment, if the issue be found against the claimant, the appropriate judgment is a condemnation of the property; that it is subject to the levy of the attachment, and is condemned to the satisfaction of the judgment which has been or may be obtained. A judgment that the claimant and his surety or sureties in the claim bond, pay the plaintiff in attachment, the value of the property as assessed by the jury, is erroneous. The sureties in the claim bond become liable when the claimant fails to deliver the property to the sheriff. The failure renders it the duty of the sheriff to return the bond forfeited, and then execution thereon may issue against the principal and sureties.—Code, § 3013. It was erroneous to render judgment against the appellees and their surety on the claim bond, for the value of the goods levied on, assessed by the jury, and the costs of suit. The error in this respect is a clerical misprision which was amendable, and would have been amended on motion, in the

court below.—Code, § 2836. Such errors furnish no
cause for the reversal of a judgment, but the record fur-
nishing sufficient matter to amend by, will be here
amended.—*Seamans v. White*, 8 Ala. 656; *Gray v. Rai-*
*born*, 53 Ala. 40. The judgment will be amended by the
rendition of the appropriate judgment, and of the judg-
ment as amended, there must be an affirmance.

    Affirmed.