# Shreve-Milligan Live Stock & Vehicle Company *v*. Pelham.

## *Detinue.*

(Decided December 17, 1912. 60 South. 516.)

1. *Detinue; Evidence.*—Where neither the plaintiff's nor the de-fendant claimed any rights through the attachment suit or any proceedings in them, evidence as to the conduct of such suits and the motive for bringing them and abandoning them was inadmissible in an action of detinue; however, evidence of the existence of such attachment suit brought by plaintiff's predecessor in title against one to whom he had sold the property, and from whom he claimed to have repurchased, was admissible to explain the situation at the time of the alleged repurchase.

2. *Same.*—Evidence that an officer of the claimant refused to give a bond for the forthcoming of the property, unless the sellers under whom he held, would indemnify him, was not admissible in the detinue suit, as it did not tend to establish title and did tend to raise an improper inference against the claimant.

3. *Same; Action; Intervention.*—Where the claimant was not brought in by defendant and substituted in his place under section 6051, Code 1907, but intervened in the detinue suit under section 3792, the claimant did not become a party to the original suit, but merely became a party to the new and collateral proceedings, and therefore, did not subject himself to the same judgment for the recovery of the property and damages for detention as the original defendant. The proceedings were governed by the provisions of sec-tions 6039, et seq., Code 1907, relating to the trial of right of prop-erty.

4. *Same.*—Under sections 6039 and 6041, Code 1907, damages for the breach of the conditions of the bond required cannot be assessed against a claimant in detinue, the last section applying only in a case in which execution has been issued and levied.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Detinue by J. J. Pelham against J. W. Shreve, where-in the Shreve-Milligan Live Stock & Vehicle Company interposed a claim for the property sued for. Judg-ment for plaintiff and claimant appeals. Reversed and remanded.

[Shreve-Milligan Live Stock & Vehicle Company v. Pelham.]

REID & PRESTWOOD, for appellant. The court erred in permitting the plaintiff to prove and recover the reasonable market value of the property from the time of suit until the trial. This was proper in a detinue suit but was not proper in the claim suit.—Section 3781, 3792, 6039, 6041; *Merchants Nat. Bank v. Bales*, 148 Ala. 279; *Howard v. Dean*, 143 Ala. 423. The court erred in the admission of evidence as to the motives for bringing the attachment suits and for abandoning them.— *Bryan v. Farnsworth*, 19 Minn. 238; 3 Fed. St. Ann. 37. Counsel discuss the charges refused, but without citation of authority.

A. WHALEY, for appellee. The court properly admitted evidence of the hire and use of the property.—Section 2640, 3690, and 3781, Code 1907; *White v. S. T. & T. St. R. R. Co.*, 90 Ala. 253; *Merchants N. Bank v. Bales*, 148 Ala. 279. General objections should not be considered.—*Sanders v. Knox*, 57 Ala. 80; *Bates v. Morris*, 101 Ala. 282. Conversation with an officer and agent relating to the property in question while in possession of the claimant was proper.—*Baldwin v. Ashley*, 54 Ala. 82; *Heflin v. Slay*, 78 Ala. 180; *Tenn. Co. v. Kavanaugh*, 93 Ala. 324. It was proper to show that claimant was indemnified in the suit by its predecessor in title.—*Marks v. Coles*, 61 Ala. 299; *Drum, et al. v. Harrison*, 83 Ala. 384. Counsel discuss other assignments of error relative to evidence, with citation of authority, but in view of the opinion it is not deemed necessary to set them out.

WALKER, P. J.—The appeal is from a judgment in favor of the plaintiff for part of the property sued for in a statutory action of detinue, entered upon a verdict in his favor on the trial of an issue made up be-

tween him and the appellant, which had claimed the property in the manner provided by the statute (Code § 3792) for the interposition of such a claim by one not a party to the suit. The plaintiff's asserted right to the property was dependent upon the validity of a claim by him that he had repurchased it from one R. B. Layton, to whom, according to his own testimony, he had previously sold and delivered it. Prior to the transaction of the plaintiff with Layton, the property had belonged to Waters and Davis, who still claimed to own part of it and to have a mortgage on the rest of it. After the plaintiff's sale to Layton, the property, which was in the state of Florida at that time, was levied on under process in two suits brought in that state by Waters and Davis. The plaintiff's evidence was to the effect that it was when the matter was in this situation that he reacquired the property from Layton, who demanded of the plaintiff either a return of the money which had been paid to him for the property, or that the adverse claim to it asserted by Waters and Davis be cleared up. The evidence for the claimant tended to prove that the transaction between the plaintiff and Layton amounted to no more than the making of an offer by Layton to resell to the plaintiff at a stated cash price, and an unsuccessful effort by the plaintiff to pay the price asked; that, in consequence of the plaintiff's failure to make such payment in full, he did not reacquire the right or title then vested in Layton, who thereupon acquired the claims of Waters and Davis, procured the dismissal by them of the two suits, took possession of the property, brought it to Alabama, and then sold it to Waters and Davis, who in turn sold it to the claimant.

The plaintiff was permitted, without objection, to testify as to the institution and pendency of the two

[Shreve-Milligan Live Stock & Vehicle Company v. Pelham.]

suits brought by Waters and Davis. This evidence was explanatory of transactions upon which the plaintiff and the claimant respectively relied, in so far as it discloses the situation with reference to which Layton acted, whether he resold to the plaintiff, as claimed by the latter, or had the dealings with Waters and Davis, which the evidence for the claimant tended to prove. Further than this, inquiries as to the bringing, pendency, and disposition of those suits, or as to the efficacy or regularity of the proceedings in them, or the motives or purposes of the actors therein in instituting and then abandoning them, were in reference to matters having no bearing upon the question presented in this proceeding as to whether the plaintiff or the claimant is entitled to the property which is in contest. Nothing done in those suits could have had any effect upon the right or claim of either the plaintiff or the claimant to the property now in dispute. The claimant asserted no right by virtue of those suits or of any proceeding had in them. Waters and Davis, under whom it claimed, did not strengthn or impair any right they may have had to the property by merely instituting suits which were not prosecuted to judgment. On the other hand, whatever right the plaintiff may have to the property he is claiming in this suit is the same as it would have been if those suits had never been brought. The court, over objections interposed by the claimant, permitted the plaintiff to introduce much evidence as to the history of those suits and as to incidents connected with them, and to thus raise questions in reference to them which, as above stated, are not regarded as being material or relevant in this proceeding. We are of opinion that error was committed in the admission of such evidence.

According to the testimony of the plaintiff, when he came to Alabama after the removal of the property to this state, he found it in the possession of one Shreve, the defendant in this suit, and an officer of the claimant company, and demanded it of him. Over objections of the claimant, the plaintiff was permitted to testify that after this demand was made Shreve stated to him, in reference to a conversation over the telephone which he had about the matter with Davis, a member of the firm from which the claimant claimed that it purchased the property, that Davis told him to hold the property, and that Shreve said he would not give bond for the property unless Water and Davis indemnified him. We are unable to discover any ground upon which this testimony can be regarded as material or relevant. There could be nothing to affect or impair the validity of the claimant's asserted right to the property in the circumstances that it or its agent, when informed of the plaintiff's adverse claim to it, on communicating with the firm from which it claimed to have purchased the property, was told by a member of that firm to hold it, and that the claimant's agent indicated an unwillingness to incur responsibility or expense to retain possession of the property unless indemnified by the seller of it. In the circumstances disclosed, neither of these incidents could shed any possible light upon the question as to whether the plaintiff or the claimant was entitled to the property. The evidence might well be made the basis of an improper appeal to the jury to look unfavorably upon an alleged purchaser's claim to property because, when its right to it was questioned by a third party, it or its agent communicated with the seller and indicated a purpose to invoke his protection against the adverse claim. The objections to this testimony should have been sustained.

[Shreve-Milligan Live Stock & Vehicle Company v. Pelham.]

The claimant was not originally a party to the detinue suit, and was not brought into it pursuant to the provisions of section 6051 of the Code, so as to be substituted in the place of the original defendant, with the result of terminating the latter's relation to that suit. —*Southern Hardware & Supply Co. v. Lester,* 166 Ala. 86, 52 South. 328. Being a stranger to the suit, and not having been brought into it by the defendant therein, as authorized by the section of the Code just referred to, its claim was properly asserted in the manner provided by section 3792 of the Code for the case of property seized in a statutory detinue suit being claimed by one not a party to the suit. That section provides for the claimant making affidavit and bond "as required by law in cases of trial of right of proprty when leived on by the writ of fieri facias," thereby securing the delivery of the property claimed to him; that the affidavit and bond be returned by the officer having in charge the property claimed; and that "thereupon the same proceedings be had as in other trials of the right of property." The claimant did not supplant the defendant in the original suit or subject himself to the same judgment as to recovery of the property and damages for its detention as would have been recoverable against the original defendant, but became a party to a new and separate, though dependent and collateral, proceeding, for the conduct of which the provisions governing a statutory trial of the right of property are to be looked to.—*Keyser v. Maas & Schwarz,* 111 Ala. 390, 21 South. 346; *Howard v. Deans,* 143 Ala. 423, 39 South. 346; *Merchants' National Bank v. Bales,* 148 Ala. 279, 41 South. 516; *Holloway v. Burroughs & Taylor Co.,* 4 Ala. App. 630, 58 South. 953.

The applicable provisions as to the affidavit and bond required to be made, and as to the subsequent proceed-

ings to be had, are found in section 6039 et seq. of the Code. It is apparent upon an examination of those provisions that some of them are not applicable to the case of a claim by a third party of the property seized in a detinue suit. As to the affidavit and bond to be given by the claimant, it is not questioned that the provisions of section 6039 of the Code govern, or that there was a substantial compliance by the claimant with those provisions. The condition of the bond there provided for is "to have the property forthcoming for the satisfaction of the judgment or claim of the plaintiff, if it be found liable therefor, and also for the payment of such costs and damages as may be recovered for interposing the claim for delay." We do not find any provision in the statute which authorizes or requires an assessment, on the trial of the issue raised in the statutory proceeding between the plaintiff in detinue and the claimant, of the damages for which the claimant and the sureties make themselves liable by the execution of the required bond. True the bond makes them liable for "such costs and damages as may be recovered for interposing the claim for delay," and the statute (Code, § 6041) contains a provision authorizing the assessment, in a proceeding for the trial of the right of property, of the damages to which the plaintiff may be entitled in the event of a finding in his favor. But this last-mentioned provision of the statute is of such a nature as to render it applicable only in the character of case which it specifically provides for, namely, "a case in which execution has been levied." The statute provides that, if it be shown on the trial of such a case that the claim was interposed for delay, "they (the jury) must assess such damages as the plaintiff may be entitled to, not more than 15 per cent., on the amount of the execution." So it appears that the assessment of

damages which this provision authorizes in a trial of the right of property is one that can only be made with reference to the amount of an execution. As said of this provision in the opinion in the case of *Murphy v. Butler, Pitkin & Co.,* 75 Ala. 381, "The statute by its terms applies only when there is a levy of execution upon property, and is incapable of application to the trial of the right, had when the levy is of an attachment. * * * The sum claimed affords no fixed, definite basis upon which there can be an assesment of damages, like that afforded by the judgment upon which the execution issues." On similar considerations it must be held that that provision does not apply in such a case as the present one, where the issue is between a plaintiff in detinue and a stranger to that suit claiming the property sued for. It may well be that the Legislature deemed such a provision inappropriate except in a case in which execution has been levied, where the only obstacle in the way of the plaintiff in the writ subjecting the property in question is the claim to it interposed by a third party. At any rate, the provision is so framed as not to be applicable to such a case as the present one.

In overruling objections to evidence as to the value of the hire and use of the property in question, the court was in error, not only because the damages for which the claimant would become liable in the event of a finding against it in the trial of the right of property were not assessable in that proceeding, but also because the claimant, by interposing its claim, did not subject itself to liability for such damages on account of the hire or use of the property in question as might subsequently be recovered against the defendant in the detinue suit, but only "for the payment of such costs and damages as may be recovered for interposing the claim for delay." Damages for the breach of the condition of

a bond provided for by statute are not recoverable in the proceeding in which the bond is given unless the statute so provides. The statute does not so provide in reference to the bond given by one not a party to a detinue suit upon his claiming the property sued for. Other questions presented are not such as are likely to arise on another trial.

Reversed and remanded.