# Slaughter, *et al. v.* Webster.

## *Detinue.*

(Decided November 4, 1915.    70 South. 129.)

1. *Detinue; Claim; Third Party; Verdict.*—Considering sections 6051, 3792, 3781 and 3783, Code 1907, it is held that where a claim is asserted under the provisions of section 3792, a new proceeding is put on foot which stands for trial between plaintiff and the claimant, as though they were parties to a statutory action of detinue, and the jury must assess the value of each article separately, and also damages for its detention, and the judgment must be in the alternative.

2. *Same.*—The sureties on the claim bond became liable only when the claimant fails to deliver the property to the sheriff, and it is error to render judgment against the claimant and his sureties for the damages assessed, and the costs of the suit.

3. *Same.*—Where the jury found for the plaintiff, and assessed his damages at $100.00, the suit being for a mule, whereupon the court entered judgment for plaintiff against the claimant and his sureties for $100.00 and costs, neither the trial court, nor the appellate court could correct the judgment in the absence of a verdict assessing the alternate value of the mule.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. Brewer.

Detinue by G. F. Webster against J. W. and R. D. Aiken, for a mule, in which Arthur Aikin was named as claimant, with T. M. Slaughter and others as sureties upon the claim bond.    There was judgment by default for plaintiff, and the bond being returned forfeited, the bondsmen appeal.    Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

J. W. STROTHER, for appellant.

BULGER & RYLANCE, for appellee.

SAYRE, J.—Appellee brought his statutory action of detinue against J. W. and R. D. Aikin for one bay mare mule and other personal property designated and described in the complaint. Arthur Aikin claimed the mule, made affidavit and bond as prescribed by the statute, and received possession of the animal from the sheriff. Judgment by default went against the claimant. After reciting claimant's default, the court considered and adjudged that plaintiff have and recover of the claimant "the damages in this behalf expended," and ordered a jury. The jury by their verdict found for the plaintiff and against the claimant for the property sued for, and assessed plaintiff's "damages" at $100, whereupon the court ordered and adjudged that the plaintiff have and recover of the claimant and the sureties on his claim bond the sum of $100, with costs. On a later day the sheriff returned the claim bond forfeited. The sureties have taken this appeal.

(1-3) It is to be observed that the claimant, who was not an original party to the cause, was not brought in by an affidavit of defendant pursuant to section 6051 of the Code, so as to become a substitutionary party in place of the original defendant.—*Southern Hardware & Supply Co. v. Lester,* 166 Ala. 86, 52 South. 328. He asserted his claim under section 3792, thus putting on foot a new and separate proceeding. See *Shreve-Milligan Live Stock Co. v. Pelham,* 6 Ala. App. 262, 60 South. 516. It is not necessary that we inquire what in such case becomes of the action as between the original parties, or what course of proceeding must be observed, or what judgment may be rendered as between them.—

*Keyser v. Maas,* 111 Ala. 390, 21 South. 346.   Section 3792 provides that, when affidavit and bond is executed, "the property must be delivered to the claimant, and the affidavit and bond returned by the officer having in charge the property claimed with the summons, and thereupon the same proceedings must be had as in other trials of the right of property."   But sufficient reasons why some of the provisions applicable to trials of the right of property in cases of levy under attachment or execution may not apply in cases of claims interposed in detinue for specific property may be found stated in the opinion of Walker, P. J., in *Shreve-Milligan Live Stock Co. v. Pelham, supra.*   And it seems to result from the nature of the issue to be litigated where a claim is interposed in detinue under section 3792 that the dependent and collateral cause stands for trial between plaintiff and claimant as though they were original parties, plaintiff and defendant respectively, to a statutory action of detinue—an action involving, not the right to subject property to the satisfaction of a debt as in case of a levy of attachment or execution, but only the legal title and the right of possession of specific property—and that upon the trial the verdict, if for the plaintiff, must assess the value of each article separately, and also assess damages for its detention, and judgment in such case must be for the property sued for, or its alternate value, with damages for its detention to the time of trial, as provided by section 3781, and then, if the claimant fails for 30 days to deliver the property, and to pay the damages assessed for the detention thereof, and the costs, the sheriff must upon the bond make return of the fact of such failure, and thereupon the bond has the force and effect of a judgment, on which execution may issue against any or all the obligors therein for the alternate value of the property as as-

sessed by the jury, the damages assessed for its deten-
tion and the costs, such being the effect of section 6051
and 3783 of the Code. The further provision of said
section is that, if the property be delivered, but the
damages and costs be not paid, return of this fact must
be made, whereupon execution issues for such damages
or costs as may be unpaid. It is plain upon the record
in this case that there was no assessment of the alternate
value of the mule, nor was any judgment rendered under
which claimant or his sureties might discharge the bond
to the extent of the value of the mule by a delivery of
the animal as contemplated by the several statutory
provisions bearing upon the subject. The sureties in
the claim bond become liable only when the claimant
fails to deliver the property to the sheriff, and it is
error to render judgment against the claimant and his
sureties for the "damages" assessed and the costs of the
suit.—*Seisel v. Folmar*, 103 Ala. 491, 15 South. 850;
*Lightman v. Epstein*, 164 Ala. 660, 51 South. 164. Nor
have we, nor had the court below, in the absence of a
verdict assessing the alternate value of the mule, data
upon which to correct the judgment.

The verdict and judgment are alike defective, and the
defect must operate to reverse the judgment.—*Jones v.
Anderson*, 82 Ala. 302, 2 South. 911.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ.,
concur.