(96 South. 197)

**SEWELL v. FARMERS' & MERCHANTS' BANK.** (7 Div. 388.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 10, 1923.)

**1. Execution ⟐⟐181 — Third claimant must have acquired title prior to the making of his claim.**

In a statutory trial of right to property on which execution has been levied, claimant to prevail must have acquired his title prior to the interposition of his claim and a claim through a mortgage assigned after claim made could not prevail.

**2. Execution ⟐⟐181—Third claimant must rely on strength of own title.**

Third claimant to property, levied on under execution, must recover on the strength of his own title, and not on the weakness or want of title of plaintiff in execution.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Ante, p. 83.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by W. A. Sewell against Jeff Fortune and another. Judgment for plaintiff, after which levy of execution was made on personal property of defendants, and the Farmers' & Merchants' Bank intervened. On a trial of the right of property, there was judgment for claimant, and plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed in part; reversed and remanded in part.

Motley & Motley, of Gadsden, for appellant.

In a trial of the right of property, a title acquired subsequent to the commencement of the suit is unavailing, and claimant must recover on the strength of his own title. Seisel v. Folmar, 103 Ala. 491, 15 South. 850; Lightman v. Epstein, 164 Ala. 660, 51 South. 164.

Hugh Reed, of Centre, for appellee.

Claimant, by connecting himself with an outstanding title, may defeat the execution plaintiff. Pollak & Co. v. Graves, 72 Ala. 347; McKeithen v. Pratt, 53 Ala. 116.

ANDERSON, C. J. [1, 2] The claimant relied upon title to the property levied upon, derived from a mortgage to it, as well as one held as assignee from Slone, executed by the defendant Fortune. The claimant's mortgage did not convey the crop, and neither of said mortgages conveyed the cow in question, and therefore the trial court erred in rendering judgment for the claimant for the cow, hay, fodder, corn, and cotton seed, as it established no title to same. True, the Slone mortgage embraced the crop, but it was acquired by this claimant after the interposition of the claim suit. In a statutory trial of right of property, the claimant, in order to defeat the levy of process, must show that he acquired title to the property levied upon prior to the interposition of his claim thereto since a title acquired subsequent to the commencement of the suit is unavailing to support his claim. The claimant must also recover upon the strength of his own title and not upon the weakness or want of title of the plaintiff in attachment or execution, and he cannot support his claim to defeat the levy by showing a paramount title in a stranger to the suit. Seisel & Co. v. Folmar, 103 Ala. 491, 15 South. 850.

Counsel for appellee does not seriously contend for the cow, and suggests that she was eliminated, but the judgment shows that she was awarded to the claimant.

The judgment as to the cow and crop is reversed and remanded and is affirmed as to the other property, and the cost of the appeal is to be taxed against the appellee.

Affirmed in part, and reversed and remanded in part.

SAYRE, GARDNER, and MILLER, JJ., concur.