166 So. 792

## FAULK v. DORSEY.

### 4 Div. 871.

Supreme Court of Alabama.

March 26, 1936.

Mulkey & Mulkey, of Geneva, for appellant.

86

Rowe & Rowe, of Elba, for appellee.

BOULDIN, Justice.

The judgment for review was rendered on a trial of the right of property in detinue. Code, § 7403.

Plaintiff and claimant each asserted title under a crop mortgage, made by the same mortgagor. Both mortgages were executed before the crops were grown, but after the first day of January of that year. Plaintiff's was the senior mortgage, and was duly recorded.

The chief issue of fact was whether plaintiff had a valid mortgage on this crop.

It appears the printed form of mortgage with very extended coverage included crops of the mortgagor, J. H. Wise, to be grown "during the years 19——."

Claimant's evidence tended to show it was not intended to include the crops, and that "19——" was left blank, and, after execution, without the consent of the mortgagor, it was filled out to read "1932," the year the crops were grown.

Plaintiff's evidence was to the contrary, tended to show no alteration had been made, and no deceit as to contents, which would infect it with fraud.

The trial court, sitting as a jury, heard the case on the oral testimony of witnesses, and gave judgment for plaintiff. There is no such disparity in the weight of the testimony as would warrant a disturbance of his finding, in view of the well-known presumption in such case.

Appellant raises another question, which calls for some recitals of fact and procedure.

Plaintiff's mortgage stipulated that it became due and payable September 1, 1932, with power of sale on default, with or without taking possession, etc.

The detinue suit, begun September 26, 1932, claimed certain bales of cotton covered by the mortgage, and a writ of seizure in detinue was sued out therefor, and later a forthcoming bond in detinue was given by plaintiff for such cotton. Thereafter, on October 12, 1932, plaintiff by leave amended his affidavit so as to include, "Five tons of runner peanuts, more or less, now stacked on the J. H. Wise place in Coffee county, Alabama; and five tons of spanish peanuts, more or less, now stacked on the J. H. Wise place in Coffee county, Alabama," filed an amended count covering this additional property, obtained a writ of seizure therefor, which was executed, and thereupon claimant instituted this statutory claim suit for this property last seized.

Claimant contends, and introduced evidence tending to show that at the time the detinue suit was begun this property was a growing or ungathered crop; that plaintiff, on a trial of the right of property under this statute must show, not only title, but the right to immediate possession; that such right of possession must exist when suit brought; that an ungathered crop is not subject to seizure under writ of detinue, notwithstanding the mortgage passed the legal title, and the mortgage was in default when original suit was begun.

It is not questioned that the peanut vines had been severed and were in stacks on the ground when seized under supplemental writ issued on the amended complaint.

Reliance is had on Code, § 7807, saying: "No execution or other legal process must be levied upon a growing or ungathered crop of any description, except for the purpose of enforcing liens upon such crop for rent, advances, or labor, as prescribed by law."

This statute appears in the chapter on executions. Very clearly it inhibits a levy on an ungathered crop under execution, attachment, or other process for the collection of debt. We may say it expresses a public policy in the protection of husbandry and the prevention of waste. Broadly it may be said it was not the intention to prevent appropriate writs and proceedings designed to protect property rights in the crop, accruing while growing and ungathered.

Our statute authorizes a mortgage on growing or ungathered crops passing the le-

gal title, if given after January 1st of the year in which they are grown.

■ In the nature of the case the right of possession is postponed until the law ·day, unless otherwise clearly stipulated. After the law day, the right to immediate possession of crops which have been gathered is the same as in other mortgages. Houston Nat. Bank of Dothan v. J. T. Edmonson & Co., 200 Ala. 120, 75 So. 568.

A much more important question may arise as to the right to possession of growing crops under a mortgage stipulating for maturity during the growing season, before the crops have fully matured, or before they have been gathered in due course of husbandry.

Our crop mortgage statute, we think, was never intended to become the instrument of oppression and hindrance to husbandry which might result from a midseason entry or seizure by a mortgagee.

When, if ever, a writ of detinue may issue to seize an ungathered crop, rather than some more appropriate method of protecting the interests of the mortgagee, we think not necessarily involved here, and a decision should await a case wherein such question is directly involved.

It is true that the issues in a claim suit in detinue are not the same as those where property is levied upon under execution, etc.

■■ This statute is designed to litigate title and right of possession between the plaintiff and the intervening claimant. They stood, in this separate, collateral suit, in the same relation as the original plaintiff and defendant, the burden being on plaintiff to show general or special title, with right to immediate possession. Hesk et.al. v. Ellis, 200 Ala. 17, 75 So. 329; Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346; Slaughter et al. v. Webster, 194 Ala. 642, 70 So. 128, 129.

■ But the fault of appellant's argument is in the position that this right of possession must exist as against the original defendant when the detinue suit was instituted. The claimant is not concerned as to when the right of possession accrued as between them. ·The issue is: Did the plaintiff have title and right of possession as against claimant when he instituted his claim suit; and this, in turn, was the same as when the property was seized under the writ? Drennen

Co. Department Stores v. Brown, 212 Ala. 524, 103 So. 588.

While the issues are somewhat different under this statute from those under the general statute for trial of right of property, the procedure is the same. So reads the statute, Code, § 7403.

■ No issue as to the regularity of the writ of seizure under which the property was held when the claim suit was interposed can be raised. The amendment of the complaint and supplemental writ of seizure were not void on their face. Whether defendant could have raised an issue as to its propriety or regularity, is of no concern to claimant. McDonald v. Stephens, 204 Ala. 359, 85 So. 746; Shreve-Milligan Live Stock & Vehicle Co. v. Pelham, 6 Ala.App. 262, 267, 60 So. 516.

Affirmed. ·

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.