PAUL, Retired Circuit Judge.[1]
This appeal is from a ruling of the Circuit Court of Marshall County sustaining an objection to the admission into evidence of a loan guaranty agreement. The plaintiff who recovered a judgment in the amount of $1,725 appeals. We affirm.
Robert E. Duvall on January 3, 1975, executed a secured installment note and security agreement to appellant First State Bank of Albertville. Appellee Billy Silas executed a promissory note to the bank for $1,500 on November 11, 1975. Both parties defaulted on their payments.
On July 30, 1976, First State Bank filed suit against Duvall on the installment note, against Duvall and Silas on a loan guaranty agreement, and against Silas on his note. *1378 Silas answered with a general denial and alleged the guaranty agreement was null and void because Duvall Grocery and Service Station was not a legal entity at the time of the guaranty. Duvall was never served with process. The case proceeded to trial before a jury on December 8. The jury returned a verdict of $1,725 in favor of the bank against Silas on his promissory note.
Thomas Stinson, a loan officer at First State Bank, was the only witness whose testimony appears in the record on appeal. The installment note and security agreement of January 3 was admitted into evidence without objection. In the space provided for the borrower to sign the note and security agreement was the following:
“Duvall Grocery & Service Station By: Robert E. Duvall.”
The note was for $12,000 with interest of 13.69% per annum and other charges making the total liability $15,260.40. Duvall made 11 payments between February 10, 1975, and January 16, 1976. This left an outstanding balance of $6,471.14.
At that point the following took place:
“Q Mr. Stinson, I show you a third document. If you would, can you tell me what this document is?
A It’s a loan guaranty agreement between the bank and Duvall Grocery and Service Station, signed by Robert Duvall and Billy Silas.
Q How did this come into your possession?
A It’s stated here January, ’75, the 3rd day of January, ’75, they signed it in the bank.
Q Did you see them sign it?
A No, I didn’t.

“Mr. Evans: Your Honor, we offer this as Plaintiff’s Exhibit 3.
“Mr. Carnes: We object to the introduction of that instrument because it’s an agreement to guarantee the debt of Du-vall Grocery and Service Station of Highway 431, Albertville, Alabama, and there’s no showing that’s a legal entity capable of incurring a debt.
“Mr. Evans: Your Honor, from the Plaintiff’s Exhibit 2, Duvall Grocery and Service Station is not an entity. I agree to that, but it is, in fact, Duvall, Robert Duvall .
“Mr. Carnes: Plaintiff’s Exhibit 2 is a transaction between other parties, and it’s covered by UCC. Plaintiff’s Exhibit 3 is signed by this defendant.

“The Court: At this stage of the trial, the court sustains the defendant’s objection to Plaintiff’s Exhibit # 3.”
The only issue raised on appeal is the alleged error in excluding the loan guaranty agreement.
At the outset we note that a trial court will not be reversed for sustaining an objection where the evidence was properly objectionable although another ground was stated by counsel as his ground of objection. Smith v. Dillard, 291 Ala. 96, 278 So.2d 358 (1973); Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80 (1932); Lightman Bros. & Goldstein v. Epstein, 164 Ala. 660, 51 So. 164 (1909).
Appellant bank contends Duvall Grocery and Service Station, although not a legal entity, is a business capable of signing an instrument under Tit. 7A, § 3-401(2), Code of Alabama (1940) (Recomp. 1958). Comment 2 to this section indicates the signature may be made in any name, however false or fictitious,' and that parol evidence is admissible to identify the signer. When so identified the signature is effective. Although the loan guaranty agreement is not governed by the Uniform Commercial Code, Tit. 7A, § 3-104, we believe the same principles would apply to it.
But here there was no evidence at all as to what the name Duvall Grocery and Service Station implied. There was no evidence as to whether it was a corporation, partnership or an individual proprietorship. *1379 There was no evidence that the debtor referred to in the loan guaranty agreement was the same debtor who signed the installment note. There was no evidence that the debt created in the installment note was one covered by the loan guaranty agreement. There was no evidence of the circumstances surrounding the execution of the loan guaranty agreement. In short, no connection was shown between the installment note and the loan guaranty agreement.
The trial court in sustaining the objection did not rule that the agreement was per se inadmissible. The court ruled, “at this stage of the trial, the court sustains the defendant’s objection to plaintiffs Exhibit # 3.” A trial court may at its discretion permit the introduction of evidence before other proof which is necessary to render it competent and relevant. Conner v. Ray, 195 Ala. 170, 70 So. 130 (1915); Jordan v. State, 79 Ala. 9 (1885). There was no abuse of discretion when the trial court denied admission of the agreement pending other proof. As offered the guaranty agreement was irrelevant unless preceded by other evidence. Crutchfield v. Vogel, 233 Ala. 306, 171 So. 889 (1937); Owen v. Ala. Gt. So. R. R., 181 Ala. 552, 61 So. 924 (1913).
We would note that after the ruling of the trial court parol evidence could have been used to relate the two documents to one transaction. Rock Island Sash & Door Works v. Moore, Handley Hdw. Co., 147 Ala. 581, 41 So. 806 (1906). However, there was no offer to produce any other evidence, parol or otherwise, to lay a basis or foundation for the introduction of the agreement. With the above in mind, the trial court did not commit reversible error in excluding the loan guaranty agreement.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. Sitting by order of the Chief Justice pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution.