# Ballow *v.* Collins *et al.*

## *Action of Trover.*

1. *Execution of written instrument; how proof of signing by maker made when he signs his mark.*—Where the maker of a written instrument can not write his name, and the writing is executed by his setting his mark against his name as written for him, in order to prove the execution of the instrument, it is necessary not only to prove that the maker made his mark against his name as written, but also to prove the signing by the attesting witness, who must have written his name.

[Ballow v. Collins *et al.*]

2. *Same; same; when evidence insufficient.*—Where the maker of a written instrument who can not write his name, testifies to the fact that he executed said paper by affixing his mark against his name, which was written for him, but he identifies the instrument only by stating that the person to whom the instrument was given told him that it was the one he signed, and that he never gave but the one instrument to the said person during the year of its date, there is such a failure to identify said written instrument as the one executed by the reputed maker, as to constitute a failure to prove the execution by him of said instrument; and upon such proof alone, said instrument is not admissible in evidence.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action of trover brought by the appellant, R. C. Ballow, against the appellee, James T. Collins, Sr., and Henderson Carter, and sought to recover damage for the alleged conversion of a bale of cotton. The cause was tried upon issue joined on the plea of the general issue.

The plaintiff introduced in evidence a mortgage given to him by defendant Henderson Carter on his crop raised in the year 1901, and it was shown that the bale of cotton alleged to have been converted, was raised by said Carter on his plantation during the year 1901, and that said bale of cotton had been delivered to the defendant Collins by the defendant Carter, and that said Collins had refused to surrender the cotton the plaintiff or to deliver to the plaintiff the proceeds from the sale of said cotton.

The defendant Collins claimed the right to the cotton under a mortgage executed to him by the defendant Carter, which was executed after the execution of the mortgage given by Carter to the plaintiff. This mortgage was executed by said Carter by his making his mark against his name, which was written for him. The plaintiff objected to the introduction in evidence of said mortgage, and duly excepted to the court's overruling his objection. After the mortgage was introduced in evidence, and upon the further testimony of the de-

fendant Carter as to its execution, the plaintiff moved the court to exclude said mortgage from the evidence, and duly excepted to the court overruling his motion. The grounds of the plaintiff's objections to the introduction of said mortgage in evidence, and also of the motion to exclude the same, and the facts pertaining to the ruling of the court are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the defendants requested the court to give the general affirmative charge in their behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

MILLER & HERBERT, for appellant.—The execution of the mortgage from the defendant Carter to the defendant Collins, was not sufficiently proved, and, therefore, the court erred in overruling the plaintiff's objection to the introduction of said instrument in evidence, and the plaintiff's motion to exclude the same from the evidence.—*Jones v. Hough,* 77 Ala. 437; *Hayes v. Banks,* 132 Ala. 354.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—To prove the execution of a writing the *signature* of the maker must, of course, be proved. Where the maker cannot write his name to the paper its execution is effected by his setting his mark against his name as written for him, and by the attestation of a witness who can and does write his name. When this is done the *signature* of the maker is not merely his name thus written with his mark set against it, but an essential and inherent part of his signature is the signature of the other person as a witness. It requires all of this to constitute the signature of such illiterate maker, and all of it must be proved before it can be said that the execution of the paper is proved.

Code, §§ 1, 2151. It is difficult to conceive how an illiterate person can testify to the signature of another person at all; but assuming that to be possible, there is no pretense here of testimony on the part of the maker, Carter, to the effect that the persons whose names appear as witnesses on the paper in fact signed their names, and no other witness was examined in that connection. The execution of the mortgage purporting to have been executed to Collins by Carter was, therefore, not proved; but in the absence of objection by the plaintiff the court would not have erred in receiving it in evidence, or, at any rate, the error, if any, would not be available to the appellant. Certain objections were interposed, but they were upon specific grounds which did not reach the infirmity of proof we have been considering. The objections to the testimony of Carter and to the admissibility of the mortgage made when it was offered in evidence were the following: "First.—Because said mortgage is attested by subscribing witnesses, and neither are called, or their absence accounted for. Second.—Because said mortgage is signed by mark, and it is not shown how the witness identified the same. Third.—

his

That said mortgage is signed 'Henderson X Carter,' and

mark

it is not shown how or in what manner the witness identified the same." There is no merit in the first objection since under the statute—Code, § 1797—the execution of the paper was provable by the testimony of the maker without producing or accounting for the absence of the attesting witnesses; but, of course, where the instrument is valid only when witnessed, the maker must testify not only that he signed it, but also that the witness subscribed it as a witness.—*Hayes v. Banks, Admr.,* 132 Ala. 354. The second and third objections thus interposed were also without merit. At that time the witness, Carter, had testified only and point blank that he signed this mortgage, or, in effect, that he made his mark to it as and for his subscription to it. Though he was unable to read—which, however, does not appear—and to

write—which appears only inferentially from the man-
ner of his subscription—it might well be that he recog-
nized and identified the paper by some physical mark,
or peculiarity of it apart from the writing it contained;
and it was not incumbent upon the defendant to show
how and why and by what means the witness knew the
fact to which he deposed, that he had signed that partic-
ular writing. After this mortgage had been introduced
in evidence, however, it was made to appear by the fur-
ther testimony of this witness—we suppose, on cross-
examination, though that is immaterial—that he had
made his mark by way of signature to only one mort-
gage to Collins, but that in point of fact he had no knowl-
edge as to whether this mortgage was the one he had
signed. His testimony was "that the way he identified
the mortgage was because Mr. Collins told him that it
was the mortgage that he signed, and that he never gave
Mr. Collins but one mortgage during" the year of the
date of this mortgage. Thereupon, the plaintiff moved
to exclude the mortgage from the evidence on the ground
above stated, and upon the further ground that "said
mortgage has not been sufficiently identified by the wit-
ness." In our opinion, this motion should have been
granted. The witness only knew that he had signed one
mortgage to Collins. He had no knowledge that this
was the one. Collins had told him this was the one, and
upon that information solely he had at first stated that
he had signed this one; but that statement by Collins
was not evidence in the case, and the witness's refer-
ence to it as the only basis for his testimony as to the
signing of this one demonstrated his utter want of
knowledge that he had signed this one. The inquiry be-
ing whether he had made his *mark* to this mortgage, the
whole effect of his testimony was that he had signed *a*
mortgage, but whether this or another he did not know.
He failed to identify this as the paper he had set his
name to, and the objection made was pertinent and ap-
posite. The failure of the proof to identify this as the
paper to which he had set his mark was essentially a
failure of the proof attempted to be made of the execu-
tion by him of the mortgage. Its execution not having

[Logan, Admr. v. Central Iron & Coal Company.]

been proved, the court erred in overruling plaintiff's motion to exclude it from the evidence.

Reversed and remanded.