(75 South. 568)

### HOUSTON NAT. BANK OF DOTHAN v. J. T. EDMONSON & CO. (4 Div. 634.)

(Supreme Court of Alabama. Dec. 7, 1916. On Rehearing, May 24, 1917.)

1. EVIDENCE ☞374(10)—AUTHENTICATION OF WRITTEN INSTRUMENT. — TESTIMONY OF MAKER.

The execution of the transfer of a chattel mortgage, including a note, was sufficiently shown by testimony of the transferor identifying the paper and showing his signature thereto by mark, and that he saw the attesting witnesses sign their names thereto.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1607–1609.]

2. WITNESSES ☞75 — COMPETENCY — OBJECTIONS TO EVIDENCE.

Even if an illiterate transferor is incompetent as a witness to identify and prove the signature of the witnesses who attested his signature made by mark, the objection should go to the competency of the witness, and an objection to the admission of the transfer for illegality or immateriality or because its execution is not proved does not reach the case.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 189, 193, 194.]

3. DETINUE ☞16 — INTERVENTION—ISSUES—STATUTE.

When a claimant intervenes in a detinue suit under Code 1907, § 3792, the issue is upon the legal title and right to possession of the chattel sued for.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 25.]

4. CHATTEL MORTGAGES ☞129—TITLE CONVEYED—TIME—STATUTE.

Under Code 1907, § 4894, a chattel mortgage executed after January 1st in the year in which cotton crops were grown conveyed the legal title and, after the law day, the right to the possession of the cotton; but a mortgage executed prior to the first of such year, covering the particular cotton, conveyed only an equitable title.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 216.]

5. CHATTEL MORTGAGES ☞138(2) — LEGAL AND EQUITABLE TITLE—PRIORITY.

Under a chattel mortgage the legal title to a cotton crop was superior to an equitable title under a prior mortgage, and the holder of the legal title was entitled to recover in detinue.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 228.]

6. CHATTEL MORTGAGES ☞117, 225(1)—UNPLANTED CROP—TITLE—DELIVERY.

Where an unplanted crop when it comes into existence is delivered to the mortgagee, his legal title becomes complete, and he may maintain trespass, trover, or detinue against any one disturbing his possession, or if before it is delivered to the mortgagee the mortgagor or his assignee with knowledge of the mortgage lien should receive and dispose of it, either or both, would be liable in case to the mortgagee for its value.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 202, 468–470.]

7. CHATTEL MORTGAGES ⚖️147 — LIEN—PURCHASER WITH NOTICE.

A court of equity will protect and enforce the lien of a chattel mortgage on crops as against any purchaser with notice.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 242.]

On Rehearing.

8. CHAMPERTY AND MAINTENANCE ⚖️4(4)—POSSESSION UNDER CHATTEL MORTGAGE.

Where a prior legal mortgagee of a cotton crop transferred his mortgage to plaintiff after a claimant had already bought the cotton in the hands of a warehouseman from the mortgagor, but where claimant was not in exclusive adverse possession, plaintiff was not precluded from maintaining a suit for possession in his own name.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. § 14.]

9. CHATTEL MORTGAGES ⚖️229(3) — ASSIGNMENT—OPERATION—BURDEN OF PROOF.

To defeat the operation of an assignment by a mortgagee of a cotton crop, the burden was on the claimant to show its own possession under the mortgagor's prior sale to it under a claim of right, with a repudiation of the mortgagee's right, brought home to the knowledge of the prior mortgagee; as without such notice the possession and claim of a purchaser from a mortgagor does not become adverse to the mortgagee.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 481, 483.]

10. CHATTEL MORTGAGES ⚖️138(2) — SECOND MORTGAGE—CROPS—EFFECT.

The fact that the mortgagor of a cotton crop gave a second mortgage to claimant after the execution of a mortgage to plaintiff's assignor did not convert claimant's prior equitable mortgage into a prior legal mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 228.]

11. DETINUE ⚖️19—DAMAGES—STATUTE.

Code 1907, § 6041, relating to the value of property assessed and damages for delay in trials of the right of property and claim suits, and providing that if the jury finds the property levied on to be applicable to the satisfaction of the writ they must assess the value at the time of the interposition of the claim, is not applicable to claim suits in detinue wherein, with respect to the damages recoverable, the principles of detinue actions prevail.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. §§ 37–40.]

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Detinue by J. T. Edmonson & Co. against Whit Clark, in which the Houston National Bank of Dothan interposed as claimant. From a judgment for plaintiff, claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The bank intervened under section 3792, Code 1907, and the issue was made up as in statutory claim suits. Plaintiffs offered in evidence in support of their title to the cotton in suit a mortgage from M. C. Davidson to D. W. Yarbrough, dated January 10, 1914, covering all the cotton to be raised by Davidson during the year 1914. They also offered in evidence a written transfer to themselves from Yarbrough of the mortgage including the note and the property therein conveyed.

Yarbrough being unable to either read or write, the transfer was by mark attested by two witnesses. To prove its execution plaintiff introduced Yarbrough himself as a witness. He identified the paper and testified to his signature thereto by mark, and stated that he saw the attesting witnesses sign their names thereto. This testimony was objected to on the ground that it was irrelevant and was the mere opinion of the witness. The admission of the transfer was objected to on the ground that it was irrelevant and its execution was not proven. The testimony and the transfer were admitted in evidence. The claimants introduced a mortgage to itself from said Davidson, dated November 10, 1913, conveying all the cotton to be raised by the mortgagor during 1914, and also showed a purchase of this cotton by defendant from Davidson in November, 1914. Other matters are sufficiently showed by the opinion.

Farmer & Farmer, of Dothan, for appellant. C. D. Carmichael, of Geneva, for appellee.

SOMERVILLE, J. [1] The execution of the mortgage transfer by Yarbrough to the plaintiffs was sufficiently shown, in accordance with the requirements of Ballow v. Collins, 139 Ala. 543, 36 South. 712, and Swindall v. Ford, 184 Ala. 137, 63 South. 651.

[2] It may be, as strongly intimated in Ballow v. Collins, supra, that an illiterate grantor who can neither read nor write is inherently incompetent as a witness to identify and prove the signature of a witness who has attested such grantor's signature made by mark. If so the objection should be made to the competency of the witness, and an objection to the admission of the document for illegality or immateriality, or because its execution is not proved, does not reach the trouble.

[3, 4] When a claimant intervenes in a detinue suit under Code, § 3792, the issue is upon the legal title and right to possession of the chattel sued for. Keyser v. Maas & Swartz, 111 Ala. 390, 21 South. 346. See, also, Howard v. Deens, 143 Ala. 423, 39 South. 346, as to the analogous provision found in Code, § 6051. In this case plaintiff's mortgage, executed after January 1, 1914, conveyed to them the legal title and, after the last day, the right to the possession of the cotton sued for. Code, § 4894; Keyser v. Maas & Swartz, supra. On the other hand, claimant's mortgage, executed prior to January 1, 1914—conceding that it covered this particular cotton—conveyed to it only an equitable title. Patapsco Guano Co. v. Ballard, 107 Ala. 710, 716, 19 South. 777, 54 Am. St. Rep. 131; Mayer v. Taylor, 69 Ala. 403, 44 Am. Rep. 522.

[5] It follows that, regardless of whether the cotton was raised on the one place, or the other, of the mortgagor, plaintiff's legal title was superior to claimant's equitable title, and plaintiff was, as matter of law, entitled

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to recover in this suit. We need not, therefore, consider the other rulings of the trial court which are assigned for error.

[6, 7] With respect to claimant's rights and remedies in the premises, it is sufficient to say that:

"If the property in such a mortgage when it comes into existence is delivered to the mortgagee, his legal title to it becomes complete, and he may maintain trespass, trover or detinue against any one who should disturb his possession; or if, before it is delivered to him, the mortgagor or his assignee, with knowledge of the mortgage lien, should receive and dispose of it, either or both would be liable in case to the mortgagee for the value of the property disposed of." Patapsco Guano Co. v. Ballard, 107 Ala. 710, 717, 19 South. 777 (54 Am. St. Rep. 131), and cases therein cited.

And of course a court of equity will protect and enforce his lien as against any purchaser with notice. Columbus, etc., Co. v. Renfro, 71 Ala. 577, 579; Mayer v. Taylor, 69 Ala. 403, 44 Am. Rep. 522.

The judgment will be affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.

### On Rehearing.

SOMERVILLE, J. In order that an equitable mortgagee of crops may acquire the legal title thereto by delivery from the mortgagor, it is obvious that such delivery must be made before the mortgagor has transferred the legal title to a third person. In the instant case, the plaintiff's mortgage of January 10, 1914, vested in him the entire legal title of the mortgagor, and that result was not affected by any subsequent action of the mortgagor, whether by executing other mortgages, or by selling or delivering the crops to others.

[8] It is insisted, however, that when the prior legal mortgagee, Yarbrough, transferred his mortgage to the plaintiff, viz. on November 25, 1914, the claimant had already bought the cotton and was in its adverse possession; so that, under the rule against maintenance, the plaintiff could not maintain a suit for possession in his own name. Ala. St. Bank v. Barnes, 82 Ala. 607, 2 South. 349. But the record does not show any more in this regard than a sale by the mortgagor to the claimant of cotton in the hands of the warehouseman, and it does not appear that claimant ever acquired and held such an actual, exclusive adverse possession as would bring the case within the rule against maintenance; nor even that there was a constructive possession by delivery of the warehouse receipts prior to November 25th, whether before or after November 25th, the date of plaintiff's assignment, being left to conjecture merely.

[9] To defeat the operation of plaintiff's assignment by this means, the burden was upon claimant to show its own possession on November 25, 1914, under claim of right, with a repudiation of the mortgagee's right, brought home to the knowledge of the prior mortgagee; for without notice the possession and claim of a purchaser from a mortgagor does not become adverse to the mortgagee. State v. Conner, 69 Ala. 212.

[10] The fact that the mortgagor, Davidson, gave a second mortgage to claimant, after the execution of the mortgage to plaintiff's assignor, does not convert claimant's prior equitable mortgage into a prior legal mortgage, for this would be to destroy the whole doctrine of priority.

[11] In the original opinion we omitted to notice a contention of claimant, which is again urged upon our attention. The trial court permitted plaintiff to prove the value of the cotton at the time of the trial. Claimant conceives that section 3792 of the Code, providing that in case of an intervening claim by a third person in a detinue suit "the same proceedings must be had as in other trials of the right of property," adopts as the rule for measuring damages the provision of section 6041 of the Code that in case the jury shall find the property levied on to be liable to the satisfaction of the writ, they must assess the value at the time of the interposition of the claim. This contention has been in effect decided adversely to claimant in the case of Slaughter v. Webster, 194 Ala. 642, 70 South. 129. Very clearly section 6041 is not applicable to claim suits in detinue, wherein, with respect to the damages recoverable, the principles of detinue actions prevail.

The application must be overruled.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.