34 So.2d 712

**GAY v. HUGULEY.**

4 Div. 992.

Court of Appeals of Alabama.

March 9, 1948.

Rehearing Denied April 6, 1948.

J. W. Brassell, of Phenix City, for appellant.

Smith & Smith, of Phenix City, for appellee.

HARWOOD, Judge.

This is a statutory detinue suit brought originally by George B. Huguley against J. S. Burch, individually, and as Sheriff of Russell County, for the recovery of an automobile siezed by Burch as a stolen automobile.

Sheriff Burch filed a plea in which he set up the general issue, and also that he had seized the automobile as a stolen car, and that at the time he seized the automobile title thereto was in Bobbie Prescott Gay and T. G. Gay.

At the same time he also filed a paper labeled an interpleader, in affidavit form, in which he set up the above mentioned facts and prayed that Bobbie Prescott Gay and T. G. Gay be required to come in and defend said suit, upon notice to them as required by law.

Thereafter an order was entered by the court substituting Bobbie Prescott Gay and T. G. Gay as parties defendant in this suit, and discharging J. S. Burch, individually and as Sheriff, from further liability to the plaintiff.

Notice of such action was duly served on the attorney for the Gays, who thereafter filed their pleas of 1. Not guilty, 2. That said automobile the subject matter of this suit is their property, and was stolen from them, and 3, that the plaintiff in this suit never acquired title to the automobile in question because these claimants had never parted with title thereto.

By agreement between the parties T. G. Gay was stricken as one of the party claimants.

A jury trial resulted in a verdict for the plaintiff. The claimant, after such verdict and judgment, and denial of her motion for a new trial duly perfected her appeal to this court.

For the plaintiff below Sheriff Burch testified that he took the car in question from Mr. Huguley, the plaintiff, on or about 16 July 1946, and that at the time he had been shown papers indicating the title to the car was in Mrs. Bobbie Prescott Gay. Mr. Huguley had bought the car from Mr. J. B. Kirkland, a used car dealer.

J. B. Kirkland testified that he bought the automobile in question on 30 May, 1946, from one A. J. Gay, a step son of the claimant, Mrs. Bobbie Prescott Gay, paying $1600 for it and a trailer. At the time he acquired the automobile he obtained a bill of sale therefor from the above mentioned A. J. Gay. After using the car in and around Phenix City for personal use Mr. Kirkland sold it to Mr. Huguley. He had no knowledge that the car had been stolen prior to its sale to Huguley.

Fred Hamby, a Notary Public for the State of Georgia at large, testified that he prepared the bill of sale executed by A. J. Gay conveying the automobile to Kirkland. At this time Gay stated to him that he was the owner of the automobile.

Mr. Huguley, the plaintiff, testified that he purchased the automobile from Mr. Kirkland on 5 June 1946, paying $885.00 cash therefor. At this time he was given a bill of sale by Kirkland, and also the bill of sale Kirkland had obtained from A. J. Gay. These instruments were received in evidence as plaintiff's Exhibits. Each instrument recites a purchase price of $500, which Mr. Huguley stated was the O.P.A. ceiling price at that time.

For the claimant Mrs. Bobbie Prescott Gay testified that she is also known as Roy Dell Gay. She further testified that she purchased the automobile in question from E. C. Couch, in Mobile, in February 1945, with her own personal funds. She had never parted with title to the automobile,

but it, together with a trailer attached thereto, was stolen from her.

There was introduced in evidence through this witness a certificate of registration issued by the State of Georgia to Mrs. Gay on this automobile for the year 1946. In this certificate Mrs. Gay is listed as owner.

There was also received in evidence a like certificate issued in 1946 by the State of Arkansas to Mrs. Gay covering a Silver Dome trailer, Mrs. Gay being listed as the owner. Her title papers and other personal possessions were in the trailer when it was stolen. She next saw the automobile in T. G. Gay's garage a day or so before this trial.

On cross examination she testified that A. J. Gay was one of four or five sons of O. O. Gay, whom she married in 1945. She last saw A. J. Gay when he came to visit his father in Robertsdale, having just been discharged from military service.

Mr. T. G. Gay, a brother of O. O. Gay, testified that he checked the motor number of this automobile and that it corresponded with the title papers of the automobile claimed by Mrs. Gay; that it is her car.

On cross examination he testified that he last saw A. J. Gay, his nephew, in Phenix City, on 29 June, 1946. At that time A. J. Gay was accompanied by one Henry Daughtery. He does not know where A. J. Gay is now.

Albert Fuller, a deputy sheriff, testified he first saw the car in question when it was in the possession of Mr. Kirkland. At same time he was informed by the sheriff the car had been stolen from Mrs. Gay, but did not remember on what date he received this information. At one time he attempted to buy the automobile but learned it had been stolen and desisted. At the time he looked at the car in Kirkland's yard he did not know it had been stolen.

Later, on being recalled for further cross examination Mr. Fuller testified that the night after he had talked to Mr. Kirkland about the automobile he contacted Mr. T. G. Gay, who told him "if it was him he wouldn't buy it." Kirkland was in possession of the car at this time.

When a claimant intervenes in a detinue suit brought under our statutes pertaining thereto, the issue is upon the legal title and right to possession of the chattel sued for. Houston Nat. Bank of Dothan v. J. T. Edmonson & Co., 200 Ala. 120, 75 So. 568. The controversy must be assimilated to and conducted as are the proceedings in the statutory trial of the right to personal property levied on by execution, and claimed by a stranger to the process. Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346. The burden of proof is on the plaintiff. Gillespie v. Bartlett & Byers, 211 Ala. 560, 100 So. 858.

We think it must be necessarily inferred from the above evidence that Mrs. Bobbie Prescott Gay held title to and was in possession of this automobile and that the same was stolen from her. This ownership once shown is presumed to continue. Patterson v. Millican, 12 Ala.App. 324, 66 So. 914; Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann.Cas.1917A, 576. It is of course basic that a thief can convey no title valid against the rightful owner, regardless of the bona fides of the purchaser. Possession cannot, under such circumstances, create any prima facie evidence of ownership as against the true owner.

Under the evidence above set out it is our opinion that the lower court may well have been justified in giving the claimant's written request for the affirmative charge. We pretermit specifically passing on this point however, for we are clear to the conclusion that the verdict in this case was against the weight and preponderance of the evidence, and that the lower court erred in denying claimant's motion for a new trial on such grounds. This cause must therefore be reversed and remanded.

Reversed and remanded.