294 So.2d 739

**Hayward HAYES**

v.

**J. G. KENNEDY.**

**SC 540.**

Supreme Court of Alabama.

May 16, 1974.

John M. Coxwell, Monroeville, for appellant.

No brief for appellee.

BLOODWORTH, Justice.

This appeal is from a final decree enjoining appellant-lessor from trespassing upon the lands leased to appellee-lessee and from interfering with his rights under the lease.

The only question appellant argues on this appeal is whether the material allegations of the bill of complaint are supported by the proof. We find they are and affirm the trial court's final decree.

Appellee-lessee filed the bill of complaint against appellant-lessor praying for an injunction to restrain appellant from interfering with his possession of the land, harassing appellee and his employees, and from trespassing upon the lands. Appellant answered the bill and filed a cross-bill.

After hearing the cause orally, the trial judge found that appellant and appellee had executed a ten-year written lease for the leased premises, that the terms thereof had not been breached by appellee but that appellant had, on occasions, interfered with the use and possession of the lands by appellee under the terms of the lease. The judge denied appellant any relief but granted appellee an injunction, enjoining appellant from trespassing on the lands

and from interfering with appellee in the exercise of his rights under the lease.

It is well established that where evidence is heard orally by the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous, whether in law or equity. And we must affirm the trial judge's decree, if fairly supported by credible evidence under any reasonable aspect. Jackson v. Rodda, 291 Ala. 569, 285 So.2d 77 (1973).

Following this rule of our cases, we find the evidence to be sufficient to support the findings of the trial court, and the material allegations of the complaint to be supported by the proof.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.