ALMON, Justice.
Two declaratory judgments arising out of an automobile accident have been consolidated for this appeal.
Appellee, Eddie Hatcher, was at the time of the accident the proprietor of an automobile repair shop in Selma. On the Saturday before the accident Mrs. Webster Duncan discussed with him the necessity of having her automobile repaired. Appellee told her he could not work on the automobile that day but that he would pick it up the following Monday. It was agreed that he would pick up the automobile on Monday and that Mrs. Duncan would leave the key in the dashboard ashtray. In repairing Mrs. Duncan’s automobile on previous occasions, ap-pellee had picked it up at the Duncan home and returned it upon completion of the repairs.
On Monday, January 28,1974, at approximately six o’clock in the afternoon, appellee drove his own automobile inside the repair shop and closed the doors. While he was waiting for a taxi to take him to Mrs. Duncan’s home, a friend came by and gave him a ride.
Mrs. Duncan arrived home from work shortly after seven o’clock. She noticed her automobile was gone and she assumed ap-pellee had taken it to his shop.
When appellee left Mrs. Duncan’s home driving her automobile, he intended to drive it to his own home for the night and then to the shop for repairs the following morning. However, shortly after leaving the Duncan home, he decided to drive to Smith’s Florist and pick up a check which was owed him on repair work he had done for Mr. Smith. While on his way to Smith’s Florist, appel-lee had the accident which is the subject matter of this suit. At the time of the accident, he was headed in a direction away from his home and away from the Duncan home.
Both Employers National Insurance Company, which insured Mrs. Duncan’s automobile and Cavalier Insurance Corporation, which insured appellee’s personal automobiles, filed declaratory judgment actions seeking to establish that appellee was not covered in the accident by their respective policies.
The evidence in the two cases was presented jointly. The trial court held that appellee was covered by both policies and both insurance companies have appealed.
We shall first consider the Cavalier policy. The private passenger automobile policy issued by Cavalier to appellee included the following provision under paragraph V — Use of Other Automobiles:
“(d) This insuring agreement does not apply ... (2) to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage or public parking place;
Cavalier submits that Maryland Casualty Co. v. Allstate Insurance Co., 281 Ala. 671, 207 So.2d 657 (1968) is controlling and we agree. In Maryland Casualty an accident occurred while a gasoline service station employee was driving a customer home in the customer’s automobile prior to servicing it. The Maryland Casualty policy contained an “arising out of an automobile repair shop” exclusion very similar to Cavalier’s. This court held the language of the exclusion to be clear and unambiguous and held that the accident was within the exclusion.
*1106 In the instant case Eddie Hatcher picked up a customer’s automobile for the convenience of the customer, and with the expressed intent of repairing it. As this court stated in Maryland Casualty, “[t]his was simply ‘good business’ on . [his] part and was a customary practice of his for the convenience of his customers.” 281 Ala. at 677, 207 So.2d at 662.
Appellee points out that the accident occurred during non-business hours. Hence, he concludes that the exclusion does not apply. We cannot agree. The exclusion states that the policy does not apply to an accident arising out of the “operation” of an automobile repair shop. There is no question that Hatcher was the proprietor of such a shop. Any accident which occurred while he was performing an act in furtherance of his business is an accident which arose out of the operation of the business. The fact that Hatcher picked up the automobile after the shop was closed does not remove the accident from the scope of the exclusion.
Appellee next submits that the exclusion should not apply because Hatcher was on personal business at the time of the accident. Again, we cannot agree. It is true that appellee had deviated from the direct route to his home. However, the purpose of the side trip was to pick up a check which was owed him on “repair work.” It is very obvious that this arose out of the operation of the repair shop.
The policy of liability insurance issued by Employers National Insurance applicable to Mrs. Duncan’s automobile included the following provisions:

“Person Insured

“Under the Liability and Medical Expense Coverages, the following are insureds: (a) with respect to an owned automobile, (1) the named insured, (2) any other person using such automobile with the permission of the named insured, provided his actual operation . thereof is within the scope of such permission . . . .”

“Exclusions

“This policy does not apply . . -(g) to any automobile or trailer while maintained or used by any person while such person is employed or otherwise engaged in the automobile business . . . .”

“Definitions

“ ‘automobile business’ means the business or occupation of selling, repairing, servicing, storing or parking automobiles;
Although the exclusion in the Employers National Insurance policy differs from that in the Cavalier or Maryland Casualty, it is, as appellee admits, very similar. The reasoning set out above as to why the Cavalier exclusion is applicable applies equally well to the Employers National Insurance exclusion. We think there can be no question that Hatcher was “engaged in the automobile business” at the time of the accident.
Finally, appellee invokes the “ore tenus rule” that where evidence is heard orally by the trial court, the findings of the court have the effect of a jury’s verdict and will not be disturbed on appeal unless plainly erroneous. Hayes v. Kennedy, 292 Ala. 362, 294 So.2d 739 (1974). This rule is without application where the trial court erroneously applies the law to the facts before it. Messer v. Messer, 280 Ala. 395, 194 So.2d 552 (1967). No questions have been raised concerning the trial court’s factual findings in the instant case, but we do find error in its application of the law to the facts.
We conclude that neither policy covered the accident in the instant case.
The judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.