EDWARD N. SCRUGGS, Retired Circuit Judge.
The State of Alabama sued Charles Michael Proctor and a 1950 Chevrolet pickup truck seeking to condemn the vehicle be *521 cause of the illegal transportation of marijuana therein. Mr. Proctor did not contest its condemnation; however his estranged wife, Mrs. Vonda Darlene Proctor, intervened and claimed to be its owner. After an ore tenus trial, the circuit judge, without stating the reasons therefor, found that Mrs. Proctor’s claim was without merit and denied it. She appeals. We affirm.
At the hearing it was stipulated that the truck, on August 27, 1979, was being used for the purpose of transporting marijuana. The claimant testified that her borrowed money from their joint bank account was utilized to purchase the truck in 1976 for $325, and that she later spent $175 of her funds for a motor for that vehicle. She did not bring to court the tag receipt from the seller of the truck by means of which the title to the vehicle was transferred. She admitted that the license tag for the pickup had been maintained in the name of her husband, she having initially purchased the tag in his name. Mr. Proctor primarily used the truck, it being his means of transportation. He retained its possession when the couple separated nine months prior to the trial in this case.
This proof of registration created a presumption that Mr. Proctor was the owner of the truck. State Farm Mutual Automobile Insurance Co. v. General Mutual Insurance Co., 282 Ala. 212, 210 So.2d 688 (1968); Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84 (1964). This presumption is rebut-table, but it serves as evidence until it is overcome by “strong, clear and undisputed evidence.” Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970). The trial judge was faced with a question of fact as to the ownership of the truck, and he could have readily ascertained that the claimant failed to meet her burden of overcoming that presumption especially in view of the possession and use of the truck as well as her admission that she, and not her husband, originally purchased the tag in his name. The learned trial judge was not clearly and palpably wrong.
Since the evidence was supportive of the general judgment of the trial court as to Mr. Proctor’s ownership of the truck, we need not decide nor discuss other issues raised by the appellant. Gamble v. Webb Quarterback Club, Ala.Civ.App., 386 So.2d 455 (1980). Nevertheless we note that if she was not the pickup’s owner, Mrs. Proctor did not have standing to attack its condemnation and her lack of consent or knowledge of any illegal use of the truck would be immaterial.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.