This is a declaratory judgment action.
The circumstances from which it arises are as follows: Leroy Dean bought a vehicle from Scott Langley for use in the pulpwood business. A bill of sale evidencing the transfer was prepared. Langley took a mortgage on the vehicle and filed a UCC-1 financing statement. Several months later, Dean decided to quit the pulpwood business and sell his truck.
William Scott Veasley and Dean discussed the possibility of Veasley's acquiring the truck and taking over the pulpwood business. Veasley subsequently approached Langley to inquire about the possibility of his assuming Dean's mortgage. Langley told Veasley he could not make a decision prior to discussing the matter with Dean. According to Veasley, Langley did, however, tell him he could go ahead and use the truck and begin operations prior to Langley's completion of the "paperwork."
Several weeks later, and before title to the truck was transferred to Veasley, he was operating the truck when it collided with another vehicle. Wilson Dale Thompson and Johnnie L. Yates were injured in the accident. Both subsequently brought suit against Veasley. Yates sued Veasley, claiming damages for personal injury. He also named his own uninsured motorist insurance carrier, American Interstate Company of Georgia (American Interstate), as a defendant. Thompson sued Veasley and named Scott Langley as a codefendant. He claimed Langley was liable as the owner of the vehicle. The trial court granted summary judgment in favor of Langley.
Subsequently, Langley's insurance carrier, Hartford Accident and Indemnity Company, filed this declaratory judgment action. It sought a determination of no coverage or duty to defend Veasley in the action filed against him by Thompson. Langley's policy of insurance extended coverage against liability for personal injuries arising out of the "ownership, maintenance and use" of a motor vehicle "owned, hired or borrowed" by Langley. The same policy of insurance contained an omnibus clause which extended the coverage of the policy to any person using such "owned, hired or borrowed" vehicle with the permission of *Page 1266 
the named insured. Hartford named Veasley, Thompson, and Langley as defendants to the suit. It later amended to strike Langley as a defendant and to name, as additional defendants, Johnny and Deborah Yates and American Interstate Insurance Company of Georgia.
American Interstate filed a counterclaim against Hartford, alleging Veasley was entitled to coverage under the policy issued by Hartford and requesting that the court declare Veasley was not an uninsured motorist at the time of the accident.
After hearing all the evidence, the trial court determined Langley did not own the vehicle Veasley was driving when the accident occurred and Veasley did not qualify as an additional insured under Langley's liability insurance policy.
Thompson raises two issues on appeal from the trial court's declaratory judgment. First, he contends the trial court erred in determining the existence of a justiciable controversy. Second, he alleges error in that court's determination that Hartford's policy does not extend coverage to Veasley under the facts of this case.
 I
Thompson strongly contends that Hartford has not presented a justiciable controversy. He argues there is no justiciable controversy because Veasley has not requested that Hartford defend him in the actions filed by Yates and Thompson. Hartford contends, and we agree, that proof of justiciable controversy is evidenced by the pleadings in this action.
It is well settled that a declaratory judgment action may be brought by a liability insurer to have a court declare whether or not it is liable to defend a suit. United States Fidelity Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59 (1936). SeeFederated Guaranty Life Ins. Co. v. Bragg, 393 So.2d 1386 (Ala. 1981), for a complete discussion of the declaratory judgment action's use relative to insurance policy disputes. Even in regard to insurance policy disputes, however, the plaintiff in a declaratory judgment action must prove the existence of a justiciable controversy. This is because the declaratory judgment statutes, at §§ 6-6-220 to 6-6-232, Code 1975, do not empower a court to decide abstract propositions or to give advisory opinions. Wallace v. Burleson, 361 So.2d 554 (Ala. 1978). Thompson contends that because Veasley has not requested a defense from Hartford, the trial court's determination in this case amounts to an advisory opinion as to proper legal relations should a controversy arise regarding Hartford's liability.
A "justiciable controversy" is a controversy in which a claim of right is asserted against one who has an interest in contesting it. The record in this case indicates the defendants to Hartford's declaratory judgment action had an interest in contesting it. In answer to Hartford's complaint, for instance, Thompson states:
 "Defendant Thompson contends that the vehicle driven by Defendant Veasley was under the control of and the legal property of Scott Langley d/b/a Langley Pulpwood and further, that the circumstances under which the Defendant Veasley was operating the motor vehicle at the time of the accident were such as to create liability for coverage on the part of Plaintiff."
Further evidence of justiciability is American Interstate's counterclaim against Hartford.
It is clear that the personal injury plaintiffs have an interest in Hartford's policy, because Alabama's Judgment Creditor Statute, § 27-23-2, Code 1975, provides that when a final judgment is recovered against an insured defendant in a personal injury suit, the judgment creditor may proceed against the defendant's insurance company for satisfaction of the judgment. At least one of the plaintiffs, Thompson, is actively contending Veasley is insured by Hartford.
Because Hartford has property rights which may be affected by the proceedings of Yates and Thompson against Veasley and the parties have a bona fide divergence of opinion as to the question whether Veasley *Page 1267 
is an insured under the terms of its policy, we agree with the trial court that a justiciable controversy is here presented.
 II
Second, we consider whether the trial court erred to reversal in determining that Veasley was not an insured in the Hartford policy.
The trial court properly considered both documentary evidence of ownership and facts presented by the parties regarding Langley's possession and control of the vehicle. All these facts are relevant to a determination of ownership of a motor vehicle. See, e.g. § 32-7-2 (8), Code 1975; Whistenant v.State, 50 Ala. App. 182, 278 So.2d 183 (1973); Stanley v. Hayes,276 Ala. 532, 165 So.2d 84 (1964); Gay v. Huguley, 33 Ala. App. 483, 34 So.2d 712 (1948); and Proctor v. State, 389 So.2d 520
(Ala.Civ.App. 1980).
This nonjury case was presented ore tenus. It is axiomatic that in a case tried ore tenus there is a strong presumption that the trial court's findings of fact are correct. Those findings will not be disturbed on appeal unless they are clearly erroneous or palpably wrong. We do not find that to be the circumstance here.
The evidence indicates that the vehicle was probably owned by Dean, or could have been owned by Veasley, but was not owned by Langley. The trial court noted in its findings that there was a bill of sale showing a sale of the vehicle by Langley to Dean, along with a financing statement and promissory note evidencing the transaction. Dean testified he bought the vehicle. Langley testified he sold the vehicle to Dean and that after the sale he maintained no control over the vehicle. Dean testified that he paid for the tag and made payments on the vehicle to Langley. We agree with the trial court that the evidence clearly indicates Langley had only a security interest in the vehicle. Furthermore, there was no evidence supporting a theory that the vehicle was "hired or borrowed" by Langley at the time of the accident.
Therefore, for the above reasons, we conclude that the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.