ALMON, Justice.
Auto-Owners Insurance Company brought this declaratory judgment action against Champion Insurance Company and Robert D. Turner, requesting the court to order Champion to provide primary coverage of an accident made the basis of a suit filed by Turner against Lawrence Jones and to defend Jones in that suit. Jones had a policy with Auto-Owners insuring his repair business, Diesel Service Company, and a policy with Champion insuring his logging business. Champion filed a counterclaim seeking equivalent relief against Auto-Owners. The trial court held in favor of Champion, issuing the following judgment:
“This cause coming on to be heard on November 6, 1984, being the date set for the trial of this case, and the Court having heard the evidence orally in Open Court and having considered the same, and having reviewed the briefs filed by both parties, is of the opinion that the defendant, Champion Insurance Company, is entitled to a declaratory judgment in its favor on its counterclaim and that the declaratory relief as to primary insurance coverage requested in the complaint filed by plaintiff, Auto-Owners Insurance Company, is due to be denied.

*1096 “After hearing the testimony ore tenus and having considered and understood the same, the Court makes the following findings of fact:
“1. - On July 15, 1983, Robert D. Turner, named as a defendant herein, filed a civil suit against Lawrence Jones d/b/a Diesel Service Company, for personal injuries allegedly received on November 5, 1982, when Turner was working on or welding a tire rim on garage premises owned by Lawrence Jones and used for a garage business called Diesel Service Company.
“2. On November 5, 1982, Diesel Service Company was a sole proprietorship owned by Lawrence Jones. Lawrence Jones was the sole owner of the garage building and all of the garage equipment. The garage was located near Jones’s house on property which he owned. In the garage operation Jones performed general repair work on vehicles and repaired and sold tires. Jones devoted most of his personal time to the garage operation.
“3. On November 5, 1982, Auto-Owners insured Jones’s garage operation under a general garage liability policy, # 800317 38232739. The insured is designated as Diesel Service Company, c/o Lawrence Jones. The coverage under Auto-Owners’ policy included the following:
“ ‘The ownership, maintenance, occupation or use of the premises for the purposes of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations which are necessary or incidental thereto, including (1) the ownership, maintenance or use of any automobile in connection with the foregoing; (2) the occasional use for other business purposes of any automobile owned by the named insured....’
“4. On November 5, 1982, Lawrence Jones was also the sole owner of a logging operation, which was called Fluce Jones & Sons. Several vehicles which were used in this logging operation were insured by Champion Insurance Company under a general automobile liability policy, # 4831, issued to Lawrence Jones.
“5. On November 5, 1982, Lawrence Jones and his son, Steve Jones, were working on two tires to be put on a pole trailer. All of the work was done on the Diesel Service Company garage premises using garage equipment insured under Auto-Owners’ policy. The tires were to be put on a' pole trailer insured under Champion’s policy. The Joneses began welding a leak in the tire rim, using a welding machine which was part of the garage equipment. When the Joneses stopped for a lunch break, Robert Turner arrived at their house. After lunch Turner and Steve Jones went back to the garage to work on the tire rim. Turner sustained his alleged injury when he was attempting to weld the tire rim while on the Diesel Service Company garage premises using the garage equipment.
“6. The primary intent and function of Auto-Owners’ garage liability policy, as evidenced by its terms, is to provide liability coverage for accidents arising out of garage maintenance, or repair, operations. The alleged accident involving Robert Turner arose directly out of a garage operation. The alleged incident occurred on the Diesel Service Company garage premises involving the use of garage equipment. All work which led up to the alleged accident took place on the garage premises and involved the use of garage equipment. In fact, Robert Turner’s suit is directed toward the garage operation, with the complaint being filed against Lawrence Jones d/b/a Diesel Service Company.
“7. Auto-Owners’ garage liability policy provides primary coverage for the occurrence which is the subject of the suit filed by Robert Turner against Lawrence Jones d/b/a Diesel Service Company ... and Auto-Owners has the duty to defend Lawrence Jones in that suit.”
The gist of Auto-Owners’ argument is that Champion’s policy provides primary coverage because the work being done was maintenance of a vehicle insured by Cham- *1097 pión, and Champion’s policy included coverage for injuries “caused by an occurrence and arising out of ... maintenance ... of an owned automobile.” Auto-Owners also argues that Champion’s coverage is primary because Steve Jones was an employee of Fluce Jones & Sons, the logging operation, but not of Diesel Service Company, the repair shcp.
Neither of these arguments provides a ground on which the trial court’s judgment is due to be reversed. The findings of a trial judge based on ore tenus evidence are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly erroneous, without supporting evidence, or manifestly unjust. Thompson v. Hartford Acc. & Indem. Co., 460 So.2d 1264 (Ala.1984); Ross v. Luton, 456 So.2d 249 (Ala.1984); Hayes v. Kennedy, 292 Ala. 362, 294 So.2d 739 (1974).
Auto-Owners’ first argument tends only to prove that Champion’s coverage also applies, not that Champion’s coverage is primary or that the trial court erred in determining otherwise. Auto-Owners’ second argument would prove, if anything, that its coverage does not apply at all, but its policy is not by its terms limited to use or misuse of equipment by employees. The trial court’s finding of coverage can be supported, for example, by a finding that Steve Jones, though not an employee of the garage, was Lawrence Jones’s agent for purposes of operating the garage in the latter’s absence.
Auto-Owners cites Alabama Farm Bureau Mut. Cas. Ins. Co. v. Tubbs, 293 Ala. 432, 304 So.2d 589 (1974), as holding that Farm Bureau was required to defend a case arising out of the maintenance of the insured’s automobile. That case is distinguishable, however, in that it did not involve the primacy of coverage between overlapping insurance policies.
Auto-Owners also argues, in the alternative, that it and Champion are equally responsible for coverage and defense. This assertion was not raised by the pleadings or addressed by the trial court and so is not before us for review.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.