PER CURIAM.
This is an appeal from a declaratory judgment entered in favor of defendant Thrift Foundation, Inc., et al., and against plaintiffs Alabama Federal Savings & Loan Association and Jack H. Shannon.
Plaintiffs filed a complaint on December 10, 1984, requesting a preliminary injunction and requesting that the court declare void an amendment to the articles of incorporation of Thrift Foundation, Inc. (hereinafter “Thrift”), made on May 15, 1984; that the court find that the current directors of Alabama Federal Savings & Loan Association (hereinafter “Alabama Federal”) were entitled to membership in Thrift; that the court determine that the individuals who were serving as directors of Thrift were not entitled to serve in that capacity; and, further, that an accounting be rendered by Thrift of all funds received and disbursements made and obligations incurred since January 1, 1984, to the date of the complaint; and that a constructive trust be imposed on the assets of Thrift in favor of Alabama Federal.
In 1925, Tuscaloosa Savings & Loan Association was formed. It became First Federal Savings & Loan Association (hereinafter “First Federal”) in the 1930’s. By the 1970’s, First Federal had become quite profitable. As a result, in 1972, the board of directors of First Federal formed First Federal Foundation, a charitable foundation, for the purpose of making charitable contributions for and on behalf of First Federal.
In 1977, pursuant to an examination by the Federal Home Loan Bank Board, the regulatory agency responsible for supervising federally chartered savings and loan associations, First Federal was directed to “sever the association’s relationship with the foundation” because it “ha[d] no express or implied authority to organize a charitable foundation.” Subsequently, defendant Thrift was formed in 1978 as a nonprofit corporation. First Federal Foundation was merged into Thrift, the latter being the surviving corporation. The purpose of the merger was to sever the relationship between First Federal and the charitable foundation. Thrift, like First Federal Foundation, was to operate as a corporation exempt from federal income tax,' with contributions made to it deductible to the donor.
The plan of merger for the charitable foundations contained the following pertinent language:
“The membership rights of the members of the merging corporation [First Federal Foundation] shall be converted into membership rights in the surviving corporation [Thrift Foundation], with all of the privileges and appurtenances thereof, as set forth in the Articles of Incorporation and By-Laws of the surviving corporation.”
*1069 The articles of incorporation of Thrift contained the following provision concerning membership:
“The membership of the corporation shall consist of all persons, corporations, partnerships and associations which indicate a desire to join the corporation and make a minimum donation to the corporation in an amount not less than one hundred ($100.00) dollars. Such donation shall entitle the person, corporation, partnership and association to membership in the corporation for a period of two (2) years from the date of the receipt of such donation. For the election of Directors or for any other matter which may require the vote of the membership of the corporation, a member shall be entitled to one (1) vote for each sum of one hundred ($100.00) dollars donated to the corporation within two (2) years preceding the date of such meeting.”
First Federal changed its name to Heritage Federal Savings & Loan Association (hereinafter “Heritage”) in 1980. Heritage then merged with three other federally chartered savings and loan associations in April 1982, to form Alabama Federal, the plaintiff in the present case.
Members of the initial board of directors of Thrift were set forth by name in the certificate of incorporation. They were John D. Cade, John C. Duckworth, Jr., J. Clemson Duckworth, Albert Baernstein, and Paul S. Garner; John C. Duckworth, Jr., and John D. Cade were also members of the board of directors of Alabama Federal.
In 1984, there was a rift among the directors of Alabama Federal. Several directors, including John C. Duckworth, Jr., and John D. Cade, resigned as directors of Alabama Federal. Shortly thereafter, on May 8, 1984, the board of directors of Thrift met. The board determined that Thrift had no members, since, according to its articles of incorporation, a person was entitled to membership only if he contributed $100.00 and expressed a desire to become a member, in which case, membership was good for two years. Alabama Federal, which came into existence in 1982, had never contributed any money to Thrift. All of Thrift’s contributions had come from the prior savings and loan associations, First Federal and Heritage, and those contributions had ended in 1981. Thus, the board determined that there had been no contributions to Thrift in over two years, and, therefore, that Thrift had no members. Each of the five directors then made a contribution of $100 and expressed a desire to be a member of Thrift. The board then voted to call a special meeting of the membership of Thrift for the purpose of amending its articles of incorporation.
On May 15, 1984, all of Thrift’s members/directors met and adopted an amendment to the certificate of incorporation of Thrift. The amendment provided simply that the corporation would have no members and that the board of directors itself would elect new directors as vacancies occurred. Subsequent to this meeting, Thrift removed its funds, books, and records from Alabama Federal.
Alabama Federal contests the validity of the actions taken by Thrift’s board of directors on May 15, 1984. It contends that, as of May 8, 1984, when Thrift’s board of directors initially met, Alabama Federal was the only entity qualifying as a member under Thrift’s articles of incorporation. Alabama Federal contends that it has membership by virtue of the fact that all contributions ever made to Thrift or First Federal Foundation came from Alabama Federal’s predecessors, First Federal and Heritage, and it contends that on the merger of the two foundations, those that were members of First Federal Foundation, (i.e., directors of First Federal or its successor) became members of Thrift. Since Alabama Federal was not officially notified of the subsequent special meeting on May 15, 1984, Alabama Federal asserts that the actions taken at that meeting were illegal and void.
Thrift argues that the plan of merger explicitly provided that membership rights were as “set forth in the Articles of Incorporation and By-Laws of the surviving cor *1070 poration.” Thrift argues that its articles of incorporation required a contribution of $100 every two years for membership rights, and that, since Alabama Federal had not contributed any money to Thrift in over two years, it was not a member of Thrift and, therefore, had no right to notice of the meeting held on May 15, 1984.
Alabama Federal also contends that Thrift operated as a fiduciary to the savings and loan association in that Thrift acted as its agent, making numerous charitable donations requested by and for the benefit of Alabama Federal. Alabama Federal claims that Thrift acted as an outgrowth of, or as an “arm of,” the savings and loan association. Alabama Federal notes that it supplied Thrift with offices, employees, officers, and supplies, and provided Thrift with accounting work. Alabama Federal argues that, by virtue of this relationship, Thrift owes duties to Alabama Federal and that a constructive trust should be impressed upon the assets of Thrift in favor of Alabama Federal.
Thrift contends that it has never been an agent of any of the savings and loan associations and that it has always acted independently and separately from the associations. It argues that nothing in the articles of incorporation or by-laws of either charitable foundation required or suggested that either foundation was operating as an agent of, or in a fiduciary capacity with, the savings and loan associations that contributed funds to it. Furthermore, Thrift stresses that First Federal and Heritage treated the contributions made by it to First Federal Foundation and Thrift as charitable contributions for federal tax purposes, and that these contributions were given without any conditions attached.
On April 16 and 23, 1985, the case was tried ore tenus in the circuit court, without a jury, and the final order was rendered in favor of Thrift on April 25, 1985. The order contained in part the following findings: that John D. Cade, John C. Duck-worth, Jr., J. Clemson Duckworth, Albert Baernstein, and Paul Garner are duly and properly serving as directors of Thrift; that Thrift is totally independent of and separate from Alabama Federal and has never been an agent of Alabama Federal; that neither Alabama Federal nor any other plaintiff was a member of Thrift at any time during 1984; that the amendment to the articles of incorporation was duly adopted by all of Thrift’s members on May 15, 1984; that the assets of Thrift do not belong to Alabama Federal; and that Alabama Federal has no right to an accounting or to a constructive trust upon Thrift’s assets.
Alabama Federal asserts that the trial court’s findings were not supported by the evidence and that the trial court erred in not imposing a constructive trust upon the assets of Thrift in favor of Alabama Federal.
We begin with a review of the appropriate standards of appellate review in the present case.
In a non-jury case tried ore tenus, there is a strong presumption that the trial court’s findings on disputed facts are correct. Those findings will not be disturbed on appeal unless they are clearly erroneous or palpably wrong. Thompson v. Hartford Accident & Indemnity Co., 460 So.2d 1264 (Ala.1984); Tidwell v. Strickler, 457 So.2d 365 (Ala.1984); Johnson v. Jagermoore-Estes Properties, 456 So.2d 1072 (Ala.1984); Ex parte Coughlin, 455 So.2d 18 (Ala.1984). “[W]e must affirm the trial judge’s decree, if fairly supported by credible evidence under any reasonable aspect.” Hayes v. Kennedy, 292 Ala. 362, 294 So.2d 739 (1974).
The record is lengthy, and while a detailed recitation of the evidence will neither serve the cause of justice nor aid in disposition of this case, we conclude that there was sufficient evidence presented to support the findings and conclusions of the trial court. Briefly, the evidence shows that, in 1972, First Federal formed First Federal Foundation for the purpose of making charitable contributions for and on behalf of the savings and loan association. Then, in 1977, First Federal was ordered by the regulatory agency that supervises sav *1071 ings and loan associations to sever its relationship with First Federal Foundation. As a result of this directive, Thrift was formed for the purpose of severing the relationship between First Federal and the charitable foundation. Thrift, like First Federal Foundation, was to operate as a corporation exempt from federal income tax, with contributions made to it deductible to the donor. The contributions made by Alabama Federal’s predecessors were treated as charitable contributions for income tax purposes. Thus, they were admittedly irrevocable gifts with no conditions attached. The trial court also noted that there was nothing in the articles of incorporation or by-laws of either First Federal Foundation or Thrift that required or suggested that either foundation be operated as an “arm of” the savings and loan association which contributed funds to it. To the contrary, the trial court found the purposes of the foundations to be very broad and that the articles of incorporation made no mention of the savings and loan association or the furthering of its purposes.
Considering the foregoing evidence, particularly in light of the Federal Home Loan Bank Board’s mandate, we find that the decision of the trial court that Thrift was not an agent or a fiduciary of Alabama Federal was supported by the evidence and was neither palpably wrong nor manifestly unjust.
Alabama Federal concedes that its right, if any, to have a constructive trust imposed upon Thrift’s assets is based upon the existence of a fiduciary relationship between Thrift and Alabama Federal. The trial court’s determination that no fiduciary relationship existed between Thrift and Alabama Federal is supported by the evidence. It follows that the trial court did not err in denying the constructive trust sought by Alabama Federal. First National Bank of Mobile v. Pope, 274 Ala. 395, 149 So.2d 781 (1963); Hawkins v. Sanders, 260 Ala. 585, 72 So.2d 81 (1954); 89 C.J.S. Trusts § 151, at 1048 (1955).
The trial court also found that neither Alabama Federal nor its directors were members of Thrift in 1984. Accordingly, it held that they were not entitled to notice of the May 1984 meetings of Thrift, and, thus, that the actions taken at the May 15, 1984, meeting, which resulted in an amendment to Thrift’s articles of incorporation, were valid. Alabama Federal contends that these determinations were erroneous. We disagree.
The trial court had before it the plan of merger of First Federal Foundation into Thrift. At the risk of being repetitious, we again point out that paragraph three of the plan contained the following language:
“The membership rights of the members of the merging corporation shall be converted into membership rights in the surviving corporation, with all of the privileges and appurtenances thereof, as set forth in the Articles of Incorporation and By-Laws of the surviving corporation.” (Emphasis added.)
Paragraph four of the articles of incorporation of Thrift, the surviving corporation, controlled membership. It provided as follows:
“The membership of the corporation shall consist of all persons, corporations, partnerships and associations which indicate a desire to join the corporation and make a minimum donation to the corporation in an amount not less than one hundred ($100.00) dollars. Such donation shall entitle the person, corporation, partnership and association to membership in the corporation for a period of two (2) years from the date of the receipt of such donation.”
Paragraph seven of the trial court’s final order sets out the history of the contributions made to First Federal Foundation and Thrift by First Federal and by Heritage (the predecessors of Alabama Federal.) The record indicates those contributions to have been as follows:
1972 $17,000.00
1973 12,000.00
1974 22,750.00
1975 25,250.00
*1072 1976 $41,728.00
1977 56,234.00
1978 60,446.00
1979 71,216.00
1980 71,216.00
1981 34,083.00
1982 -0-
1983 -0-
The last' contribution was made by Heritage in 1981, and the trial court noted that Alabama Federal had never made a contribution to Thrift or to its predecessor, First Federal Foundation. The trial court found that neither Alabama Federal nor its directors were members of Thrift in 1984 and, therefore, that they were not entitled to notice of the two meetings that resulted in the amendment to the articles of incorporation.
Alabama Federal contends that it did make contributions to Thrift in 1982 and 1983 by providing accounting services to Thrift free of charge. The trial judge apparently decided that this was not the kind of contribution contemplated by paragraph four of the articles of incorporation.
Having reviewed the briefs and record before us, we hold that the decision of the trial court was neither palpably wrong nor manifestly unjust.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, SHORES, BEATTY, ADAMS, and STEAGALL, JJ., concur.