I concur in the result only.
In the opinion, the statement is made that "proof that a vehicle is actually owned by a third party, without more, does not destroy an administrative presumption that the vehicle was operated by a carrier's agent acting within the scope of his employment."
The law regarding administrative presumptions has been troublesome to this Court, but the most recent expression of that law is contained in Ex parte Hicks, 537 So.2d 486 (Ala. 1988):
 "The plaintiffs first argue that because Cardinal's name appeared on the side of Bob Westbrook's tractor, and because the license tag was registered in Cardinal's name, there is an administrative or rebuttable presumption that the tractor was owned or controlled by Cardinal or that the person operating the tractor at the time of the accident was Cardinal's employee and was, at the time of the accident, acting within the line and scope of his employment. The plaintiffs cite a plethora of cases in support of that proposition. It is generally true that the registered owner of a license tag is presumed to be the owner of the motor vehicle the tag is issued for, Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970). This presumption is rebuttable, however. Proctor v. State ex rel. Duke, 389 So.2d 520 (Ala.Civ.App. 1980). We do not agree with the plaintiffs' contention concerning an administrative presumption in the present case. It is uncontroverted that Bob Westbrook owned the tractor.
 "Disputes such as the one sub judice have afforded this Court numerous opportunities to formulate a position on the evidentiary weight to be given administrative presumptions. On this point, we have said that an administrative presumption 'is not an inference of fact, and that it has no intrinsic value as an inference, but that it serves in the place of evidence only until evidence to the contrary is adduced[,] when it becomes functus officio.' Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 102, 123 So. 897 (1929)."
537 So.2d at 488.
The fact that J.H. Transport's name and I.C.C. number remained on the Kenworth truck was some evidence from which a finder of fact could infer that the truck was under the control of J.H. Transport. In other words, the issue of control was in dispute and the fact that J.H. Transport's name and I.C.C. number remained on the Kenworth could be considered on that issue, but the law on administrative presumptions is contained in Ex parte Hicks, supra. Because I am not completely clear on the extent to which the law of administrative presumptions is changed by this opinion, I concur in the result only.
STEAGALL, J., concurs. *Page 72